UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-09195-SVW-AS | Date | January 21, 2016 |
|---|---|---|---|
| Title | Lugo et al v. CitiMortgage, Inc. et al | | |

JS-6

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [13]; DENYING MOTION TO DISMISS AS MOOT [9].

On October 21, 2015, Plaintiffs Ricardo Lugo and Rosario Lugo filed this action against Defendants in the Los Angeles County Superior Court. (Dkt. 1, Ex. A). Plaintiffs bring claims for violations of Cal. Bus. & Prof. Code § 17200, Cal. Civ. Code § 1572, fraud, intentional misrepresentation, Cal. Civ. Code § 2923.5, and Cal. Civ. Code § 2924. Defendant CitiMortgage removed this action to this Court on November 25, 2015. (Dkt. 1). Presently before the Court are Plaintiffs' motion to remand and Defendants' motion to dismiss. (Dkts. 13, 9). For the reasons stated below, the Court GRANTS Plaintiffs' motion to remand and DENIES Defendants' motion to dismiss as moot.[1]

I. Motion to Remand

   A. Legal Standard

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One

---

[1] Upon review of the parties' briefs, the Court concludes that the motions are suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, January 25, 2016 is VACATED and OFF-CALENDAR.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-09195-SVW-AS | Date | January 21, 2016 |
| Title | *Lugo et al v. CitiMortgage, Inc. et al* | | |

basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Id.*

    **B. Discussion**

    The primary issue concerns whether complete diversity exists between the parties. The parties do not dispute that Plaintiffs are California citizens and Defendant CitiMortgage is a citizen of New York and Missouri. However, Defendant Quality Loan Service Corp. ("Quality") also appears to be a citizen of California, thus destroying complete diversity. Defendants contend that Quality's citizenship need not be considered for purposes of diversity because it is merely a nominal defendant. *See Prudential Real Estate Affiliates, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of 'nominal or formal parties who have no interest in the action,' and are 'merely joined to perform the ministerial act of conveying title if adjudged to the complainant.'"). In particular, Defendants contend that Quality filed a declaration of nonmonetary status ("DNMS") pursuant to Cal. Civ. Code § 2924*l* on November 5, 2015, and was transformed into a nominal party by operation of law when Plaintiffs did not file any objection.

    Courts within the Ninth Circuit have treated DNMS in divergent ways and the Ninth Circuit has not yet provided guidance on the matter. As Defendants note, some courts have held that when a trustee under a deed of trust files a DNMS, the party is transformed into a nominal party, is excused from participating in the action, and is not considered for purposes of diversity. *See, e.g., Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009); *Amaro v. Option One Mortg. Corp.*, 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); *Figueiredo v. Aurora Loan*, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009).

    However, many courts have recently criticized the prior line of cases for applying state procedural law, Cal. Civ. Code § 2924*l*, in federal court. It is black-letter law that federal courts sitting in diversity apply federal rather than state procedural laws. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Because a DNMS under Cal. Civ. Code § 2924*l* is a procedural rule and has no corollary in federal law, it does not result in a substantive finding by a federal court that a trustee is a nominal party. As this Court has stated previously, "[f]iling a DNMS requires no showing by the filing party and only represents that the party has a 'reasonable belief' that it 'has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the

                                                                                                                                                :

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09195-SVW-AS | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Lugo et al v. CitiMortgage, Inc. et al* | | |

performance of its duties as trustee.'" *Segura v. Wells Fargo Bank, N.A.*, 2014 WL 4798890, at *3 (C.D. Cal. Sept. 26, 2014). Therefore, the Court joins the line of more recent cases that have held that the mere filing of a DNMS does not automatically transform a trustee into a nominal party for purposes of diversity jurisdiction. *See, e.g., Castle v. Bank of America, N.A.*, 2015 WL 1842726, at *1-2 (C.D. Cal. Apr. 20, 2015); *Duran v. Bank of America, N.A.*, 2015 WL 794672, at *4-5 (C.D. Cal. Feb. 24, 2015); *Kendall v. Wells Fargo Bank, N.A.*, 2012 WL 10649162, at *1 (C.D. Cal. Aug. 30, 2012); *Carrillo v. ETS Servs., LLC*, 2011 WL 12873783, at *3-4 (C.D. Cal. Jan. 28, 2011).

Apart from the DNMS, Defendants have made no other showing that Defendant Quality is a nominal party under federal law. *See Shears v. CitiMortgage, Inc.*, 2015 WL 4393915, at *4 (E.D. Cal. July 15, 2015) ("[A]s the removing party, the burden of proving a defendant is a nominal party rests with them."). Defendants state that Quality "is merely the foreclosure trustee under the subject deed of trust pursuant to the substitution of trustee recorded on February 28, 2011." (Notice of Removal at 10). However, this "is, in effect, simply a paraphrase of section 2924l(a)." *Castle*, 2015 WL 1842726, at *2. Moreover, this misconstrues Plaintiffs' complaint. In their complaint, Plaintiffs not only allege their claims against both CitiMortgage and Quality, subjecting both defendants to potential liability, but specifically allege that Quality recorded a defective and void Notice of Default. (Compl. ¶ 9). In fact, this allegation against Quality forms the basis of Plaintiffs' fourth cause of action for fraud. (*Id.* ¶¶ 79-87). Accordingly, Defendants have not met their burden in showing that Quality is only a nominal party and that complete diversity exists.

## II. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand.

The Court DENIES Defendants' motion to dismiss, Dkt. 9, as MOOT.

Initials of Preparer

PMC